· PAUL E. RAFF
*vs.*
ROLAND E. SELDEN

Superior Court        Hartford County        File No. 63455

MEMORANDUM FILED OCTOBER 11, 1941.

*Stanley D. Fisher,* of Hartford, for the Plaintiff.

*Warren Maxwell,* of Hartford, for the Defendant.

FOSTER, J.   On June 12, 1940, at about 12:30 p.m., the plaintiff was operating his automobile in a northerly direction on Arnoldale Road in Hartford toward its intersection with the Boulevard, which runs east and west.  At that time Dr. James E. Davis was operating his automobile in an easterly direction on the Boulevard toward the intersection.  In the rear of the automobile operated by Dr. Davis, Stanley Armstrong, an agent of the defendant, was operating a Ford dump truck, loaded with stone, in an easterly direction.  On the east side of Arnoldale Road, a few feet south of the southeast corner of the intersection, was a stop sign, warning drivers of vehicles to stop their vehicles before reaching the intersection of the two highways.  The plaintiff had been driving his automobile at a speed of 35 miles per hour.  Upon reaching the stop sign, he did not stop but proceeded through the intersection at a speed of about 25 miles per hour.  Before entering the intersection, the plaintiff looked to his right and saw no approaching vehicles.  He looked to his left and saw the approaching truck of the defendant, but he did not see the automobile of Dr. Davis until an instant before he struck it, though the automobile of the latter was ahead of the truck.  The front right corner of the plaintiff's automobile struck the rear right corner of Dr. Davis' automobile.  Upon seeing Dr. Davis' automobile, the plaintiff made all possible effort to stop his automobile and did stop it at the point of impact on the

south half of the Boulevard. At the time of the collision between the automobile of the plaintiff and that of Dr. Davis, the defendant's truck was about ten feet west of the intersection on its right side of the road and about 25 feet away from the point of such collision, which point was at about the center of the southeast quadrant of the intersection. Loaded as it was with stone, the truck of the defendant could not be stopped under the conditions there existing in less than 70 feet. The defendant's truck ran into the left side of the plaintiff's automobile, striking it on its rear half.

Had the plaintiff stopped his automobile at the stop sign on Arnoldale Road, or had he turned slightly to his left in crossing the intersection, there would have been no collision between his motor vehicle and that of Dr. Davis or that of the defendant. Had the plaintiff used due care, he would have seen the automobile of Dr. Davis in time to have stopped and avoided the collision with it. Dr. Davis' automobile was more than half-way through the intersection when the front right corner of the plaintiff's automobile struck the right rear corner of Dr. Davis' automobile. Had there been no collision between the automobile of the plaintiff and that of Dr. Davis, the plaintiff's automobile would not have stopped, and the south half of the Boulevard would have been clear, and the defendant's truck would not have struck the plaintiff's automobile.

The defendant's agent either saw the plaintiff's automobile as it entered the intersection or in the exercise of due care he should have seen it. Assuming that the defendant's agent did see the plaintiff's automobile crossing the intersection, he might reasonably have concluded that it would cross the south half of the Boulevard before the defendant's truck reached the east half of Arnoldale Road; he might reasonably have concluded that there was no danger of the truck striking the plaintiff's automobile, if the truck continued on its path through the intersection at the speed at which it was then being operated. The defendant's agent in approaching and starting to drive the truck through the intersection exercised due care.

The plaintiff claims the right of recovery upon the principle of supervening negligence. After the plaintiff entered the intersection ahead of and in the path of the defendant,

after he entered the zone of danger, there was nothing possible for the defendant's agent to do to avert collision with the plaintiff's automobile. The plaintiff has failed to prove by a fair preponderance of the evidence the essential allegations of either count of his complaint.

The defendant has proved by a fair preponderance of the evidence that the plaintiff was guilty of contributory negligence that was a proximate cause of the plaintiff's injuries.

Judgment is rendered in favor of the defendant against the plaintiff.